In Special Term—SPENCER, J. presiding.

DAVIS B. LAWLER *v.* JOHN WHETTS et al.

Notice to non-resident defendants by publication under the 71st section of the Code, must set forth a pertinent description of the property sought to be affected, that *actual* notice may be more likely to come to the defendant.

The provisions of the law are not satisfied by a general statement that it is an action " for the recovery of money, and foreclosure of a mortgage."

The Court are disposed, *in limine,* to require the strictest compliance with the laws of notice by publication.

This was a petition for sale of mortgaged premises.

The question arose upon a motion for judgment by default, and for sale of mortgaged premises, upon a constructive notice by publication.

*By the Court.* The 71st section of the Code (which provides for constructive notice of suit to non-resident defendants) requires, that the publication shall contain "a summary statement of the object and prayer of the petition," etc. This provision of the law is not sufficiently answered by setting forth in general terms, that the action is brought "for the recovery of money, and for the foreclosure of a mortgage." There should be a pertinent description of the mortgaged premises—such as, that a tenant in possession may know the property is sought to be charged; whereby the party would be more apt to receive *actual* notice. So many titles have been jeopardized, and so many controversies have arisen, in consequence of imperfect publication, that the Court are disposed, *in limine,* to require a strict compliance with the law.

Notice held insufficient, and further publication ordered.